Today is case number 4160718, and that case is the people of the state of Illinois v. Scott Fishel. For the appellant, we have Mr. Jefferson, and for the appellee, we have Mr. Zimmerman.  May it please the court, counsel. My name is Jerry Jefferson. I'm with the office of the state appellant defender representing Scott Fishel. Under the facts of this case, the circuit court abused its discretion when it denied Mr. Fishel's motion to withdraw its guilty plea. In August 2015, one of the tires on Mr. Fishel's car blew out. One of his passengers was thrown from his car and died. And a blood test revealed a trace amount of THC in Mr. Fishel's blood. The state charged Mr. Fishel with driving under the influence of cannabis and with driving with any amount of cannabis in his blood. Mr. Fishel ultimately pled guilty to driving with any amount of cannabis in his blood. But before he was sentenced, the legislature abolished that offense and set a threshold of five nanograms per milliliter of THC to prove cannabis impaired driving. Five nanograms per milliliter is nearly five times the amount found in Mr. Fishel's blood. Nevertheless, the court denied Mr. Fishel's motion to withdraw his guilty plea. So under these circumstances, the circuit court was required to allow Mr. Fishel to withdraw his plea to correct the manifest injustice. And the injustice in this case is best illustrated by the relief that we are requesting. We are simply asking for this court to return the case to the situation that existed before Mr. Fishel's guilty plea. Well, I was just going to ask, what would happen if the defendant was allowed to withdraw his guilty plea and it went back to the trial court? Are you saying that there would be a different statute in play in terms of the prosecution going forward? No, Your Honor, but I think the focus here is on the plea, not ultimately what would happen on reading. Well, in order to withdraw a guilty plea, the defendant has to demonstrate certain things, correct? He has to demonstrate a manifest injustice. And under these facts, a manifest injustice occurred. Mr. Fishel pled guilty to an offense that before he was sentenced was abolished by the legislature. And the legislature had set a minimum... Mr. Fishel is not guilty under the same law that's in effect right now. How does that benefit him? Well, he's not guilty under the law as it exists, is that correct? Correct. Mr. Fishel is not guilty under the law as it exists now. His THC level is 1.1 nanograms per milliliter. But which law would he be prosecuted under if he was allowed to withdraw his guilty plea? He could be prosecuted under the former law. But what the state will or will not do on remand is speculative at this point. The state is free to pursue the charge in any manner in which it sees fit. But here I think the focus should be on the fairness of his plea, on the fairness of enforcing his plea. Counsel, let me ask you this with respect to the withdrawal of the guilty plea, which you indicate I agree is the focus. Was this plea entered under some misapprehension of the law? No, Your Honor. It was not entered under a misapprehension of the law. And at the time that he committed the offense and the statute under which he was prosecuted, there would be no doubt as to his guilt because it was any amount of THC in your system would qualify you for conviction, correct? Correct. So how is there a manifest injustice because he delayed, and I'm not saying that he intentionally did this, I don't know what state was the defendant, but just simply because he delayed long enough for the law to change, all of a sudden that's some type of manifest injustice? The delay was not, it's my understanding from the record, the delay was not to push his sentencing out beyond the effective date. It was simply because he was unable to obtain a substance abuse evaluation prior to the execution. But irrespective of the reason for the delay, where do you draw the line if he entered his plea of guilty and wasn't sentenced until two years later and the law changed prior to sentencing, that's a manifest injustice? Again, given the time and given the fact that it was so soon... What about five years later? I can't give you a bright line. I can tell you that on this case, when Mr. Fishel was sentenced days after the law changed, days after the legislature abolished this offense to which he pled, it was a manifest injustice for the court to deny Mr. Fishel's motion to withdraw his guilty plea when all he was asking was a return to pre-plea status. He was not asking for an abatement in prosecution. He wasn't asking for the court to correct an error after he was sentenced. He was merely asking to return to the situation that existed before he pled. If you don't mind, if you could go back to my initial question, and that is, where is the manifest injustice if he's returned to his pre-plea state? He's facing a prosecution under the former law, the law in existence at the time he was charged. Is there any indication on the record that the state stated if he's allowed to withdraw his guilty plea, he'd be prosecuted under the new law? Or any indication that he would be sentenced in a different way? It just seems to me you're asking us to find a manifest injustice where it's not demonstrated an injustice would occur. He'd be put back where he was, which is facing prosecution, and apparently he's acknowledging the state of the evidence that he would be guilty under the laws that existed at the time he entered into his plea. So where is the inequitable result there for him? Just putting aside that the legislature later changed the law, how is it a manifest injustice for the court to have accepted his plea at that time? The court had accepted his plea at the time the injustice occurred. The court accepted the plea, the law changed, and then the court did not go to withdraw. The manifest injustice is the unfairness that resulted from withdrawing the plea. Neither the state nor Mr. Fishel would have been in a worse position by allowing Mr. Fishel to withdraw his plea. We don't know what the state would have done. There's no indication on the record. Is that relevant? Do we need to know what the state would have done? Or should we just assume that the prosecution would have continued as it had been framed, where he was charged under the law prior to the amendment, which would seem that according to the evidence in the briefing, the state would have satisfied its burden and he would have been convicted under the law. Your Honor, I'm not sure that it matters whether the state would have continued the prosecution as is. I would just again say that the court's denial of the motion was manifestly unjust. Alternatively, if this court finds that the circuit court did not abuse its discretion, we would ask this court to find that the 2016 version of the DUI statute, which drives it to any amount, is unconstitutional because it fails the rational basis test. And a good point to start is the Illinois Supreme Court's decision in People v. Fate from 1994, in which an identical challenge was brought some 25 years ago. And in Fate, the court determined first that the purpose of the prohibition on driving with any amount was to prevent cannabis-impaired driving. They then compared the rationales between alcohol-impaired driving and cannabis-impaired driving. At that time, scientists could determine that the blood alcohol level of 0.08 was sufficient to presume impairment, sufficient to presume that somebody could not safely operate a car. Conversely, scientists could not determine how much THC was in the driver's blood or at what level that driver would be impaired by THC. So the court concluded that these variables, the amount of cannabis consumed and the uncertainty regarding what amount would impair a driver, justify the ban on driving with any amount, all driving with any amount. We now know, in the years since, that scientific advancements have undermined the rationale in Fate. We can now determine the level of THC in someone's blood. And we can safely presume a certain threshold at which a driver will be impaired by THC. So you're asking us to basically ignore the Supreme Court's decision in Fate and find that that decision is no longer applicable because of the change in science? I would focus on the second part of your statement. The rationale in Fate is no longer applicable, and we know it's no longer applicable because we now know that THC is metabolized first into an impairing metabolite, but after a few hours it's then metabolized into a non-impairing metabolite that can stay in a person's blood for up to 30 days. But Fate establishes the constitutionality of a zero-tolerance law with respect to cannabis, correct? Yes, Fate does, based on the science that was in front of it, establish a zero-tolerance for any amount of cannabis. However, we know that the zero-tolerance policy, the rationale for Fate, no longer applies. We know that because if the purpose of the statute was to prevent cannabis-impaired driving, we know that a significant, disproportionate amount of drivers were not impaired at the time. The 30-day group, the group that's not impaired, was significantly larger, would have been significantly larger than those within the three-hour period. Counsel, I can't help but wonder, so every time we have a scientific advancement, are we to look at statutes that were in place at the time prior to these advancements and say, well, now that statute is unconstitutional because we now know fill in the blank? Your Honor, science informs our understanding of what is constitutional. I wouldn't go so far as to say every time, but in this circumstance, we know specifically the threshold at which a driver will be impaired. And we know that the prior statute captured a disproportionate amount of lawful conduct, unimpaired driving. Can you identify a case where the Supreme Court has stated the statute is constitutional and then at a later point in time found that same statute unconstitutional? I cannot name a case from the Illinois Supreme Court, but I can tell you, and I believe this is in the reply brief, the U.S. Supreme Court has the advancements in juvenile neurological science. Statutes that were otherwise presumed constitutional prior to the Miller and Graham line of cases are now unconstitutional under the Eighth Amendment. We know the Court used that science to inform its understanding of the Eighth Amendment. So I can't give you a case from the Illinois Supreme Court. Circumstances do change, and the courts have relied on the new science to declare certain statutes unconstitutional. That they had previously declared constitutional? I am unaware of whether, for instance, a life without parole for a juvenile statute was declared constitutional before being declared unconstitutional. I think my larger point would be simply that we've used science in the past to inform our understanding of what the Constitution will and will not be. So Counsel, just to dovetail on the other questions from the Justices, you're essentially asking us to revisit the Supreme Court's findings. I mean, that's sort of the monkey in the room, you're not verbalizing that, but you're asking us to take this new science and to overturn Court's rulings. I'm not asking this Court to overturn fate. I think my point is not that fate was wrongly decided and that this Court should say it was wrongly decided. I'm saying that at the time it was decided, they used the best available information to come to that conclusion. I'm saying that if it were before the Court today, they would come to a different conclusion. We know that because in that case, they relied on expert testimony, saying we could not determine the level of THC at which somebody would be impaired. Now we know the level of THC at which somebody would be impaired. I'm not asking this Court to overturn fate. I'm asking this Court to find that no longer applies. Further, I would also note that we know that the prior version of the statute was over-broad, and a good illustration of that is that the legislature abolished the prohibition on ENOP and set a new threshold at five nanograms per milgram. As a final note, I would also say that any ruling by this Court that the prior version of the statute is unconstitutional would have a limited reach. Only those small percentage of people who were tested at the time of the offense and tested under 1.1 nanograms, under five nanograms per milliliter, will be affected by this Court's ruling. If there are no further questions, we respectfully request that this Court find that the circuit court abused its discretion by denying Mr. Fischel's motion to withdraw his guilty plea. Alternatively, we request that this Court find Section 501A6 of the DUI statute as described in the amount at the end. I don't see any questions. Thank you, Counsel. You'll have additional time while we rebuttal if you desire. Mr. Zimmerman? May it please the Court, Counsel, good morning, Honors. My name is John Zimmerman from the Fourth District Appellate Prosecutor's Office. I'm here on behalf of the State. In this case, the trial court did not err in denying defendant's motion to withdraw his guilty plea. Defendant's arguments on appeal are essentially requesting this Court to reapply past common law, ignore the general savings clause, as well as our Supreme Court. Contrary to defendant's arguments, our Supreme Court has held that the repeal of a statute that decriminalizes such as what occurred here without providing a specific savings clause is a substantive change and does not preclude a conviction for conduct that occurred while the statute was in effect. Here, defendant's conduct occurred while the prior statute was in effect. Thus, that is the law that applies to this case. Additionally, this case shows why the legislature enacted Section 4 of the general savings clause. That was to remedy the fortuitous and unsatisfactory effects of past common law. For example, if two men committed the identical crime on the same day, whether they were punished would depend on when they were apprehended, when they were charged, when they were sentenced. Here, if defendant pled guilty and was sentenced on the same day, he would in no way be able to make these arguments. That was prior to the enactment of this new law. But because this case fortuitously got continued past the enactment, he can now somewhat raise these arguments. But Section 4 directs this court, as well as the Supreme Court's interpretation in Section 4, that they should reject defendant's arguments because, as I said, they're essentially just requesting this court to apply unsatisfactory past common law. Additionally, defendant asserts in his brief whether he is guilty of the offense of driving with any amount of cannabis is doubtful. Yet, the law in effect at the time was clear. He was driving with any amount of cannabis. Thus, he violated the law. It's as simple as that, Your Honor. Additionally, he argues the enforcement of his guilty plea was contrary to the manifest intent of the legislature. The State disagrees, as set forth in De Stefano, page 7 of the State's brief. Nowhere in the combination of circumstances out of which this problem arose is there a suggestion that the legislature was expressing its purpose that conduct which took place before the statutory change should no longer be criminal. No thought of a general pardon for those who had committed the offense here involved can be distilled from the circumstances of this legislative change. The case falls squarely within the terms of the Statutory Construction Act, and the judgment was correct. And the State requests this court to apply that reasoning to this case. That is, again, the De Stefano case. Notably, in defendant's reply brief, he also seems to meaningfully distinguish this case. Here, defendant entered his guilty plea knowingly, intelligently, and voluntarily. Subsequently, the law changed prior to his sentencing. Yet, there is the general savings clause in our Supreme Court that have clearly stated it does not preclude defendant's conviction. As a result, the State requests this court to affirm the trial court's judgment. In regards to the constitutional challenge, the State's position is that it fails. As stated in my brief, the initial State's brief, defendant had failed to specify whether he was challenging it as a facial or as applied constitutional challenge. This court is not a depository for arguments that are not fully briefed. The State requests, as a result, for this court not to entertain that argument. Regardless, as Your Honor has just noted, our Supreme Court has already explicitly held that Section 11-50186 is constitutional, and this court should do the same. That was People v. Fate, which is a 1994 Illinois Supreme Court case. However, in People v. Martin, 2011, the Supreme Court reaffirmed the constitutionality. In People v. Rennie, 2014, the Third District reaffirmed the constitutionality. In People v. Way, 2017, the Illinois Supreme Court again affirmed the constitutionality. Notably, some of these cases even contain the same issues regarding cannabis that the defendant raises now in his appeal. Yet the constitutionality has been repeatedly affirmed. So for those numerous cases that have repeatedly affirmed that, I will not belabor the point any further for Your Honors, unless you have any specific questions regarding that issue. Mr. Zimmerman, the defendant's reply brief at page 2, and this is in regards to what would have happened if the defendant had been allowed to withdraw his guilty plea. It says, additionally, Fischel never argued for abatement of his prosecution. Rather, Fischel argued that when considering the serious doubt about his guilt following enactment of the public act that we're discussing, quote, the ends of justice would be better served by allowing him to withdraw his guilty plea and submitting the case to trial. And this is the line I want to ask you about. He says, at the very least, the fact that driving with, quote, any amount, close quote, was no longer criminal would have provided Fischel with a viable defense at trial. Would that have come in at trial? Could that have come in at trial, that there had been a change in the law? I actually focused on that line as well, Your Honor. And upon doing some research, I did not see how that would become a viable defense, because as you were hinting at in your prior questioning of public counsel, he would be prosecuted under the old law. I'm not aware of any defense that, because now there is a new law that says it was not, is no longer criminal, that that somehow retrospectively applies to the old case. So I would say that that would not be a proper defense. And in regards to speculation as to what the State would do if, Your Honors, did allow the withdrawal of this plea, knowing my numerous conversations with State's attorneys, they would clearly continue to prosecute this. The defendant took a guilty plea, 24 months probation, 90 days in jail. That's, I do not know the sentence of the crime off the top of my head, but that seems to be a pretty good deal for someone who injured two people and caused another death. So I'm sure there may even be more serious sentencing implications for the defendant if he did decide to withdraw this and go to trial. So for that reason, the State does not see how there was a manifest injustice that occurred. So if there are no further questions, the State would request this Court to affirm the trial court's judgment. Thank you, Counsel. Thank you, Your Honors. Any rebuttal, Mr. Gibbs? Your Honor, Mr. Fishel is not asking for a return to the common law. I think Counsel referred to Section 4 of the Statute of Statutes. And the purpose of Section 4 is to prevent abatement of ongoing prosecutions and to preserve final judgments after a law has changed. In this case, we're not asking for either. We're not asking for abatement of prosecution. And I would also note that at the time the manifest injustice occurred, this case was not yet final in the circuit court. Final judgment in a guilty plea is entering of the sentence. Here, Mr. Fishel sought to withdraw his plea before he was sentenced. We're simply, again, asking for a return to pre-plea status. Counsel also notes whether or not this is a viable defense. Again, we don't know whether or not the State will continue its prosecution of Mr. Fishel on demand or not. And while Counsel may have had discussions with the State's attorney, that's not on the record. We don't know what the State's attorney will do. We also argue that the sentence here is not relevant. What the sentencing implications are on remand is not our focus. Our focus should be on the fairness of Mr. Fishel's plea. What was the viable defense that you were referring to in your reply brief? Your Honor, admittedly, it may have been a poor choice of words. I was simply using the viable defense to show, to illustrate the manifest injustice that occurred. I'm not sure if Mr. Fishel could use it as a defense. But certainly I think it's, again, demonstrative of the manifest injustice that occurred when the Court enforced Mr. Fishel's plea. He pled to an offense that was subsequently abolished. And all he was asking for is a return, is to withdraw his plea to maybe better assess the situation. And again, we are focusing on the wisdom of withdrawing the plea. It's a fairness argument. If I may, by analogy, when a defendant seeks to withdraw his guilty plea for insufficient 402A admonishments, we're not worried about what will happen on remand. We're worried about the fairness of the process and how we got there. And here, the same is true. We're not necessarily worried about what will happen or how Mr. Fishel will be sentenced if the State decides to prosecute and he is found guilty. We're worried about how we got to where we are and the fairness. And very quickly, I would just note, counsel cites Rennie. Rennie is not analogous regarding the constitutional challenge that Mr. Fishel faces. Rennie concerned classification of cannabis as an illegal drug, rather than raising a constitutional challenge to the driving with any amount statute itself. And again, fate, the rationale of fate, no longer applies to the facts of this case, simply because we now know that not all those with any amount of cannabis in their system are impaired when they are driving. So again, we would ask this court to remand the circuit court for further proceedings and the alternative to find that DUI statute, driving with any amount, is unconstitutional. Thank you, counsel. We'll take this matter under advisement and we will be in recess until the next case.